UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAUL SOTO-MELCHOR,<br><br>Defendant. | CASE NO. CR12-0121JLR<br><br>ORDER |

Before the court is the United States of America's response and motion for summary judgment. (Response/MSJ (Dkt. # 37).) This case involves civil forfeiture. The case began as a criminal matter. (*See* Dkt.) Mr. Soto-Melchor was convicted of illegal reentry into the United States after he was discovered in Whatcom County with a woman named H.F. in a Volkswagen Jetta that was carrying $83,920.00 in cash. (*See* Plea Agreement (Dkt. # 11); 11/6/13 Resp. (Dkt. # 31) Ex. A.) The cash was hidden inside an electronically-controlled secret compartment, which was accessible by way of a key fob that H.F. kept hidden in her bra. (11/6/13 Resp. Exs. A, B.) Mr. Soto-Melchor

ORDER- 1

1 | was a passenger in the vehicle. (*Id.* Ex. A.) He provided the arresting officer with a false
2 | identity, "Jorge Vasquez," and told officers that the $83,920.00 in cash was not his and
3 | that he knew nothing about it. (*Id.* at 4-5.) The money was eventually forfeited to the
4 | United States pursuant to 31 U.S.C. § 5332, which permits forfeiture in cases of "Bulk
5 | cash smuggling." (11/6/13 Resp. Ex. C at 2.)

6 | Now, Mr. Soto-Melchor claims the money belongs to him. On October 18, 2013,
7 | nearly a year and a half after his conviction, Mr. Soto-Melchor filed a motion for Return
8 | of Property under Rule 41 of the Federal Rules of Criminal Procedure. (10/18/13 Mot.
9 | (Dkt. # 28).) The court denied the motion. (11/12/13 Order (Dkt. # 32).) Five months
10 | later, Mr. Soto-Melchor filed a motion to set aside the declaration of administrative
11 | forfeiture pertaining to the $83,920.00 in cash. (4/24/14 Mot. (Dkt. # 36).) The United
12 | States filed a response. (*See* Response/MSJ.) The court construed Mr. Soto-Melchor's
13 | motion as a civil complaint as required under controlling Ninth Circuit precedent, and
14 | construed the United States' response as a motion for summary judgment. (6/4/14 Order
15 | (Dkt. # 38) at 2 (citing *United States v. Ibrahim*, 522 F.3d 1003, 1007-08 (9th Cir.
16 | 2003)).) The court also gave Mr. Soto-Melchor several weeks to respond to the United
17 | States' motion, but that time has expired and Mr. Soto-Melchor has made no new filings
18 | to date. (*See id.* at 2; *see* Dkt.)

19 | The ordinary civil summary judgment standard applies to this motion. Under that
20 | standard, summary judgment is appropriate if the evidence, when viewed in the light
21 | most favorable to the non-moving party, demonstrates "that there is no genuine dispute as
22 | to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658.

The United States has met its initial burden of showing that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 323. The United States points out that under controlling law, the only possible basis for challenging the administrative forfeiture is to demonstrate that Mr. Soto-Melchor was entitled to receive notice of the forfeiture proceedings but did not. (*See* Response/MSJ at 2-4); 31 U.S.C. § 5332; 18 U.S.C. § 981; 18 U.S.C. § 983; *Craig v. United States*, 372 F. App'x 817, 818 (9th Cir. 2010). Indeed, under 18 U.S.C. § 983(e)(1), a party may file a motion to set aside a declaration of administrative forfeiture if:

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). Mr. Soto-Melchor asserts that he was entitled to notice of the proceedings but did not receive notice. (4/24/14 Mot. at 2-3.)

ORDER- 3

The United States, however, presents evidence to the contrary. (*See* 11/6/13 Resp. Exs. A-C.) The United States has come forth with evidence that demonstrates that Mr. Soto-Melchor was not entitled to notice because he explicitly disclaimed all interest in the property, claiming that it was not his and he knew nothing about it. (11/6/13 Resp. Ex. A at 4-5.) Other evidence demonstrates that the money was being smuggled and did not belong to Mr. Soto-Melchor but belonged to a third party and was being used for "something illegal." (*Id.* Ex. B at 4-5.) This evidence meets the United States' initial burden of demonstrating that it had no obligation to notify Mr. Soto-Melchor of the forfeiture proceedings and is therefore entitled to judgment as a matter of law under 18 U.S.C. § 983(e)(1).

Mr. Soto-Melchor has presented no evidence whatsoever in rebuttal. After the United States' showing, the burden shifts to Mr. Soto-Melchor to "make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658. Mr. Soto-Melchor has filed nothing in response to the United States' motion, nor has he otherwise presented any evidence that he was for any reason entitled to notice of the administrative forfeiture proceedings. (*See* Dkt.) Further, there is nothing whatsoever in the record to suggest that he was entitled to notice, or to otherwise demonstrate that the United States knew or had any reason to know that Mr. Soto-Melchor had any interest in the subject property. As such, Mr. Soto-Melchor has failed to meet his summary judgment burden. *See Galen*, 477 F.3d at 658.

ORDER- 4

Accordingly, the court GRANTS the United States' motion for summary judgment (Dkt. # 37) and DENIES Mr. Soto-Melchor's motion to set aside administrative forfeiture (Dkt. # 36). As discussed above, Mr. Soto-Melchor's motion is being treated as a separate civil complaint. That civil complaint is now DISMISSED.

Dated this 2nd day of July, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge